UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

E.K.,
        Plaintiff,

v.      3:07cv800

STAMFORD BOARD OF EDUCATION,
        Defendant.

# MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff E.K.'s action challenges the defendant Stamford Board of Education's expulsion order against him in violation of his rights pursuant to 42 U.S.C. § 1983. For the following reasons, the Court will grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment.

## FACTUAL BACKGROUND

This factual background is reflected in the parties' memoranda and evidentiary material attached thereto.

During the time relevant to this action, plaintiff was a senior at Stamford High School in Stamford, Connecticut.

On February 1, 2007, plaintiff engaged in a verbal altercation with a female student, for which plaintiff was suspended from school.

On February 3, 2007, the same female student received racist and threatening voice mail messages. These messages were brought to the attention of the School Administration and Police Officer William Brevard, the Stamford Police Resource officer assigned to the School.

1

On February 27, 2007, plaintiff engaged in a fight with a male student, and was subsequently suspended for this behavior.

Officer Brevard investigated the incident related to the threatening voice mail messages and prepared an affidavit based on written statements given by witnesses. The classmate gave a statement to the police, identifying plaintiff's voice as "possibly" one voice of the several male voices on the messages.

Plaintiff told Officer Brevard that he was in the car while the calls were being made and also identified the other individuals involved. These other students later gave the police written statements that plaintiff made the first phone call and that they were also involved in leaving messages.

On March 26, 2007, plaintiff was arrested on a felony hate crime charge related to racist messages left on a classmate's voice mail. On March 30, the Board notified plaintiff and his parents that he would be suspended from Stamford High School for a violation of the Stamford Board of Education Policy and Administrative Regulation prohibiting harassing, intimidating or demeaning behavior on the basis of race.

By letter dated April 5, 2007, Joseph F. O'Callaghan, Executive Director for Youth Development for the Stamford Board of Education, informed the parents that the Board of Education would be moving for the student's exclusion from Stamford High School. The letter notice explained that plaintiff would have an expulsion hearing at which plaintiff would have the right to testify, produce witnesses and other evidence, and "to demand that any witnesses against him/her appear in person to answer his/her questions."

The letter also described the behavior that would be considered as grounds for expulsion:

> More specifically, the administration has determined that on February 1, 2007, E.K. called a female student derogatory names and threatened this student, which conduct caused disruption in the classroom. The administration has also determined that on or about February 3, 2007, E.K. threatened, intimidated and/or demeaned a student on the basis of race and/or sex. In addition, on February 27, 2007, E.K. engaged in a fight with a male student. The incidents on February 1 and 27, 2007 occurred on school grounds; the incident of February 3, 2007 occurred off school grounds. The foregoing conduct is considered prohibitive behavior for which your son can be expelled under Board of Education Policy 5131/Administrative Regulations 5131-R and/or Connecticut General Statutes Section 10-233d, as the administration has determined that it has cause to believe that E.K. has engaged in conduct on school ground ... which endangers persons or property, is seriously disruptive of the educational process or is violative of a publicized Board policy or conduct off school grounds which is seriously disruptive of the educational process and violative of the publicized policy of the Board.

In a letter dated April 20, plaintiff's counsel requested postponement of the expulsion hearing scheduled for May 3 and indicated that he needed to "make arrangements" to issue subpoenas and participate in the expulsion hearing.

On May 8, the expulsion hearing was held. The Board presented testimony from Susan Brown Koroshetz, Principal of Stamford High School; Angela Thomas, Assistant Principal at Stamford High School; and Officer Brevard.

Plaintiff appeared at the hearing and was represented by counsel. The Hearing Officer admitted a redacted copy of the police affidavit and allowed Koroshetz, Thomas, and Brevard to testify about the student witnesses' accounts of the incident. Plaintiff's counsel objected to the admission of documents containing student witnesses' accounts of the incident as hearsay evidence. Plaintiff's counsel cross-examined the

3

Board's witnesses but was not allowed to cross-examine Officer Brevard regarding the other voices on the tape.

Plaintiff called no witnesses, did not testify on his own behalf, and presented no evidentiary materials.

The Hearing Officer found that plaintiff had committed an expellable offense and expelled him from the Stamford Public Schools for a period of ninety days.  Pursuant to its statutory obligation, the Board provided plaintiff with an alternative educational opportunity during the expulsion period.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American Int'l Group, Inc. v. London American Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion

4

for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff argues that his constitutional right to due process was violated because the Board admitted hearsay evidence, failed to provide him the opportunity for confrontation and cross-examination of witnesses, and failed to follow administrative procedures. Plaintiff also brings a vagueness challenge to Connecticut's expulsion statute, Connecticut General Statute Section 10-233d.

Due Process: Hearing Procedures

Plaintiff challenges defendant's admission of hearsay evidence, failure to provide for confrontation and cross-examination of witnesses, and failure to follow administrative regulations.

The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest. U.S. Const. amend. XIV, § 1; Bd. of Regents v. Roth, 408 U.S. 564, 569-70 & n.7 (1972). Thus, in order to sustain an action for deprivation of property without due process of law, a plaintiff must identify a property right and show that the state actor has deprived plaintiff of that right without due process.

The fundamental requisite of procedural due process is the opportunity to be heard. See Boddie v. Connecticut, 401 U.S. 371, 377 (1971). This opportunity must be granted within a meaningful time and manner. Armstrong v. Manzo, 380 U.S. 545, 552 (1965). Further, the hearing must be "appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).

The parties do not dispute that plaintiff has the right to procedural due process in

connection with his expulsion from school, and that constitutional compliance requires at least notice and opportunity for a hearing appropriate to the nature of the case. Goss v. Lopez, 419 U.S. 565, 574-79 (1975). In Goss, the Supreme Court noted that the students' interest in safeguarding against "unfair or mistaken exclusion from the educational process" must be balanced against the school's interest in "discipline and order." Id. at 579-80. The proceedings need not take the form of take a judicial or quasi-judicial trial. Remer v. Burlington Area School Dist., 286 F.3d 1007, 1010 (7th Cir. 2002). Escalating the formality and adversary nature of the suspension or expulsion process may render such hearings so costly as to destroy their effectiveness as a disciplinary tool. Goss, 419 U.S. at 583.

The Court must apply the analysis of Mathews v. Eldridge to determine whether the admission of hearsay evidence without allowing plaintiff to confront the student witnesses and the limitation of plaintiff's cross-examination of the Board witness Brevard constitute violations of plaintiff's right to due process. 424 U.S. 319 (1976). Mathews requires consideration of: (1) the private interest that will be affected; (2) the risk of erroneous deprivation through the procedures and the probable value of additional or alternative safeguards; and (3) the government's interest, including the function involved and the administrative burdens of the additional safeguards. In the context of assessing due process, the issue is not whether the hearing was ideal, but whether, under the circumstances, the hearing was fair and accorded the individual with due process. Gorman v. University of Rhode Island, 837 F.2d 7, 16 (1st Cir. 1988).

As to the first factor, plaintiff had an important interest at stake. It is indisputable that expulsion on the basis of threatening racial voice messages is damaging to

6

plaintiff's standing among his teachers, peers and community. See Goss, 419 U.S. at 575.

However, the risk of an erroneous deprivation through the procedures provided was low. It is well established that hearsay is admissible in administrative proceedings if it is relevant. Richardson v. Perales, 402 U.S. 389, 407-408 (1971). Further, the weight of authority has concluded that due process does not afford high school students the right to confront and cross-examine student witnesses or accusers at expulsion hearings. See Newsome v. Batavia Local Sch. Dist., 842 F.2d 920, 923-24 (6th Cir. 1988) (no right to learn identities of student accusers); Bogle-Assegai v. Bloomfield Board of Educ., 467 F.Supp.2d 236, 243 (D. Conn. 2006) (no due process violation based on admission of student statement without right to cross-examination); B.S. v. Bd. of Schs. TRS., 255 F.Supp.2d 891, 899 (N.D. Ind. 2003) (no right to obtain names and cross-examine student witnesses at expulsion hearing). As reasoned by the Sixth Circuit, the administrative investigation provides a safeguard against error, and cross-examination of student witnesses may prove "duplicative of the evaluation process undertaken by the investigating school administrator." Newsome, 842 F.2d at 924. Further, "the presence of corroborating evidence diminishes the potential value of cross-examination at the expulsion hearing." B.S., 255 F.Supp.2d at 900.

In this instance, the record demonstrates that an investigation by the school administrators and police officer resulted in consistent corroborating evidence indicative of plaintiff's involvement in the incident that resulted in his expulsion. Plaintiff's cross-examination of these witnesses would have provided little probative value to the hearing officer's decision. Similarly, cross-examination of Officer Brevard as to the other voices

on the tape would have had little relevant value to the hearing, which focused only on plaintiff's involvement. Accordingly, the Court finds a low level of risk that an erroneous deprivation would occur pursuant to the procedures in place for the hearing.

In reviewing the third factor, the Court must consider the school's interest in an efficient disciplinary hearing and the value of allowing plaintiff to confront the student witnesses during the hearing rather than relying on hearsay evidence. As several courts have observed, a provision that disallowed admission of hearsay statements and required confrontation of student witnesses or disclosure of witness identities would be overly-burdensome to schools due to the increasing challenge of maintaining order and discipline. See Newsome, 842 F.2d at 924-25; B.S., 255 F.Supp.2d at 900 (citing cases). The administrative expulsion process avoids the cost and complexity of adversarial litigation. Gorman, 837 F.2d at 16; Osteen v. Henley, 13 F.3d 221, 225 (7th Cir. 1993). Further, as recognized in precedent, the school has a strong interest in protecting students who cooperate with investigations into misconduct. "Those students may be understandably reluctant to come forward with information if they are faced with the prospect of formal cross-examination by the offending student or his attorney...." Caston v. Benton Public Schools, 2002 WL 562638 *5 (E.D. Ark.); see also Newsome, 842 F.2d at 925.

In this instance, the school has a strong interest in maintaining a healthy and safe environment for its students. The report of the threatening and racist conduct might not have occurred had the female student who received the voice mail messages known that she would later be subjected to cross-examination during a formal proceeding. Under the particular circumstances of this case, the additional safeguard

of allowing for plaintiff's confrontation of the student witnesses does not outweigh the school's interest in avoiding a burdensome formal expulsion proceeding and in protecting student witnesses.

Further, plaintiff's asserted interest in confrontation of the student witnesses is diminished by the fact that this case does not appear to involve anonymous student accusers that could not have been called to the hearing. Based on his admission that he was in the car when the phone calls were made, it follows that plaintiff knew all of the individuals involved in underlying incident. Plaintiff's counsel was even aware of the ability to subpoena witnesses to present a defense to plaintiff's expulsion.[1]

In accordance with circumstances of the case and the Mathews factors, the Court concludes that defendant afforded plaintiff with a fair hearing that comported with due process.

Similarly, the Court finds that plaintiff's due process claim based on the alleged violation of defendant's administrative regulation is without merit. Defendant's administrative regulation provides that a student facing expulsion has "the right to demand that any witness against him/her appear in person to answer his/her questions ... except that the Board may refuse to allow a witness against the pupil to appear when the Board believes that fear on the part of the witness would prevent the giving of accurate testimony." Connecticut law further provides that a student facing expulsion has the right to inspect relevant documents, present testimonial and documentary

---

[1] The hearing officer in the expulsion hearing has the authority to subpoena witnesses and require production of documents or physical evidence. Conn. Gen. Stat. § 4-177b.

evidence, and cross-examine the opposing parties' witnesses. Conn. Gen. Stat. §§ 4-177c and 10-233d.

As previously discussed, the hearing procedures did not violate the administrative regulations or Connecticut statutory law. Plaintiff's attorney was allowed to cross-examine defendant's witnesses and plaintiff made no attempt to have witnesses subpoenaed.

Accordingly, the Court finds no violation of due process and will grant summary judgment in defendant's favor on this claim.

Vagueness Challenge

Plaintiff challenges as vague the expulsion statute, Connecticut General Statutes section 10-233d. Specifically, plaintiff asserts that the statute cannot be applied constitutionally to the facts of this case because a person of ordinary intelligence could not ascertain that plaintiff's off-campus conduct would constitute grounds for expulsion as set forth by section 10-233d.

Section 10-233d provides that a student may be expelled for off-campus conduct that violates a publicized school board policy or "is seriously disruptive of the educational process." The statute specifies:

> In making a determination as to whether conduct is seriously disruptive of the educational process, the board of education or impartial hearing board may consider, but such consideration shall not be limited to: (A) Whether the incident occurred within close proximity of a school; (B) whether other students from the school were involved or whether there was any gang involvement; (C) whether the conduct involved violence, threats of violence or the unlawful use of a weapon, ... and whether any injuries occurred; and (D) whether the conduct involved the use of alcohol.

An as-applied vagueness challenge based on due process grounds requires plaintiff to prove either (1) that the statute does not provide fair warning that it applies to the conduct at issue, or (2) that he was the victim of arbitrary enforcement practices. Packer v. Bd. of Educ., 246 Conn. 89, 106-107 (1998).

In advancing his position, plaintiff relies upon Packer's holding that a reasonable person would not be certain that possession of two ounces of marijuana in the trunk of a car off-campus would provide grounds for expulsion pursuant to section 10-233d. However, subsequent to Packer, the legislature amended section 10-233d to include the specific factors to be considered in determining whether off-campus conduct is "seriously disruptive of the educational process." With the amendment to section 10-233d, the statute provides fair notice that complained of conduct, threatening racist messages to another classmate, constitutes grounds for expulsion since it violates publicized school policy and concerns a threat of violence to another student at the school.[2] Accordingly, summary judgment will be granted in defendant's favor on this claim.

---

[2] The publicized school policies were publicized in the Board's Administrative Regulation 5131-R.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [#24] is GRANTED, and plaintiff's motion for summary judgment [#50] is DENIED. The clerk is instructed to enter judgment in favor of defendant and to close this case.

Dated this _28th_th day of May, 2008, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge